Idsley, J.
The plaintiff, having attached certain property as belonging to the defendant, Edwin Gregory intervened in the attachment suit, claiming the property attached as his, by virtue of several bills of sale, executed by Samuel H. Gilman and wife. Hennen obtained judgment against Gilman upon his confession, for the sum of twenty-four hundred and eighty-five dollars and seventy cents, -with interest, at five per cent, from August 5th, 1865, with a reservation of all rights as attaching creditor, until the disposition of the intervention of Edwin Gregory, filed on the day on which this judgment was rendered.
The intervention of Gregory was maintained by a verdict of a jury, and a judgment of the court thereon, and the plaintiff has appealed therefrom.
The intervenor, a resident of the city of Ne-sv Orleans, charged in his petition that the property seized by Hennen by virtue of his attachment, which the intervenor described as being real, personal and mixed, referring particularly for details to the sheriff’s return on the writ of attachment, was, at the time of the said seizure, in his quiet and lawful possession, as bona fide and legal possessor and owner, having acquired the same by purchase from Samuel H. Gilman and his wife, Abbey Maria Pratt, they being residents of the said parish, by authentic act of sale and conveyance passed before Warren, Notary Public, in the aforesaid parish and State, of date the«2d January, 1864.
He prayed to be recognized, and decreed to be the true and lawful owner of the property so seized and attached, and to be restored to the quiet possession thereof.
All the allegations in the petition of Gregory, the intervenor, were traversed by Hennen, who denied specially that the said property claimed by him had ever been legally transferred to him from said Gilman 'and wife; that if any pretended transfers thereof had been made to him by Gilman and wife, the same were illegal and void, and of no effect, as being contrary to law, the same having been made by parties belligerent at a time of war between the United States and the Confederate States, wherein the said Gilman and wife were then residing in the military lines of the said Confederate States, and the said Edwin Gregory was then residing in the military lines of the said United States, and said parties were incapable of contracting together; and Hannen, further, in his answer to the petition ip intervention, averred that the pretended frans *242 fers therein set forth, were simulated and fraudulent, and were only-intended to cover the said property from the claim of the said Gilman’s creditors, and are of no effect or validity in law.
On the motion of the intervener, the District Judge struck out from Hennen’s answer to the intervenor’s, all that part which alleged the incapacity of the parties to the sales (Gilman and Gregory) to contract as belligerents and enemies, and confined Hennen solely to the allegations of simulation.
The ruling of the Court, as to the striking out the plaintiff’s (He,mien’s) allegation in regard to the incapacity of the parties, Gilman and Gregory, to contract, was unimportant, if, at the same time, evidence was adduced to prove the facts alleged, but stricken'out; for it is a well-settled rule, as was said by Mr. Justice Simon, in delivering the opinion of the Court in Powell v. Aiken and Gwinn, 18 La. 328, “a party who, without opposition, suffers evidence to be adduced contrary to or beyond the allegations contained in the pleadings, is bound by its effect.”
If then the evidence in the record establishes beyond question the facts which are alleged to invalidate the oontract of sale between Gregory and Gilman, we have no hesitation in saying that we should deem the nullity of the contraot of that absolute character, that no effect could be given to it by law.
As was said in Minville v. Lallande, 15 A. 342, it would be unnecessary to bring an action to annul that which the law declares can have ?w existence.
Contracts entered into between belligerent enemies arc absolutely null, because they affect eminently the public order; each individual becomes, by the very existence of the war, the enemy of every other person domiciled within the enemy’s territory; they are, respectively, belligerents, and subject, in that respect, to all the consequenoes and to the operations of the laws of war. The theory of the law of nations on this subject is, that there cannot be a war for arms, and peace for commerce and trading, at one and the same time. It would be dangerous for any nation in a state of civil war to permit that degree of intercourse to be carried on, which must necessarily result from, trading and commerce. It would certainly interfere with the secrecy, certainty and di-patch of military operations, without which any war could not be successfully carried on. 1 Kent’s Com., p. 66.
The proclamation of the President of die United States, prohibiting intercourse between parties domiciled within the lines of the belligerents, was in pursuance of those well-settled principles of law.
Contracts thus entered into are null and void in' their inception and original concoction, and no subsequent events can render them valid. See Howard’s U. S. S. C. Rep. 50; Kenhet’s case 18 How., p. 114.
A perusal of the evidence satisfies'us, that at the time the sale in question was passed, the vendor and his wife were domiciled residents of the parish of St. Helena, which was at that time, as is historically known, wholly beyond the military lines of,' and in open hostility to, the United States, and that the purchaser was at the same time a domiciled resident of the city of New Orleans, within the said military lines, and that the *243 occupation of the latter was then that of a blockade-runner, trafficing between the city of New Orleans and the parish of St. Helena.
We lately held,in the case of Marchand v. Coyle, 18 A., p. 482, that Marchand, domiciled within the Federal lines, was incapable of acquiring any rights from William Wells, domiciled in the Confederate lines, and from whom his title to the obligation sued upon was acquired pendente bella.' S je also the case of Griswold v. Waddington, 15 John, 57; 16 John, 438. Vatel, 293, 4 and 5.
The intervenor; having acquired no title whatever from Gilman and wife to the property attached by the plaintiff, his intervention must be dismissed.
It is therefore ordered, adjudged and decreed, that the verdict of the jury be set aside, and the judgment of the court thereon be annulled, avoided and reversed. It is further ordered, adjudged and decreed, that the attachment in the suit of Duncan N. Hennen v. Samuel H. Gilman, No. 207, be maintained, and the property therein attached be sold according to law, to satisfy the judgment in said suit rendered in favor of the plaintiff, Duncan N. Hennen, against the defendant, Samuel H. Gilman; and it is further ordered that the intervenor, Edwin Gregory, pay all the costs of the intervention.
Rehearing refused.